IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ANGEL MENDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-1567 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction and fifty-year sentence for murder. Respondent filed a motion for summary judgment (Docket Entry No. 5), to which petitioner filed a response (Docket Entry No. 8).

Based on careful consideration of the pleadings, the motion, the response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background and Claims*

Petitioner was charged with capital murder, but pleaded guilty to murder in exchange for a fifty-year sentence. No appeal was taken. The Texas Court of Criminal Appeals denied state habeas relief.

Petitioner raises the following claims for federal habeas relief:

1. Trial counsel was ineffective in failing to inform him that he had one or more viable defenses to the murder charge.

2. His guilty plea was involuntary because trial counsel failed to inform him of the existence of mitigating circumstances[1] or available defenses.

3. He is actually innocent of murder.

Respondent argues that these claims should be summarily dismissed for lack of merit.

## *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, ___U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

---

[1] The Court accepts petitioner's assertions that he was physically and sexually abused as a child.

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant

3

probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *State Court's Findings on Collateral Review*

In denying petitioner's application for state habeas relief, the state trial court made the following findings of fact:

1. The applicant, John Angel Mendez, on October 6, 2006, was charged by complaint with the felony offense of Capital Murder in cause number 1087819 in the 263rd District Court for Harris County, Texas.

2. The applicant was represented in cause number 1087819 (the primary case) by counsel Dick Wheelan.

3. On January 17, 2007, the State made the decision to seek a sentence of life, rather than death, in the primary case.

4. On January 18, 2007, the applicant was indicted for Capital Murder.

5. A life sentence on a Capital Murder conviction in the primary case would have been one of 'life without parole' [under state law].

6. On February 9, 2008, the applicant entered a plea of guilty in exchange for a plea bargain the terms of which included the State's agreement to reduce the charge from Capital Murder to first-degree murder, and a recommendation of a sentence of fifty (50) years confinement in the Texas Department of Criminal Justice – Institutional Division.

7. The applicant filed his original habeas application on February 24, 2009[,] and an amended application on February 16, 2011.

8. Counsel [Wheelan] died on November 16, 2008.

9. The State has been prejudiced by her inability to respond to the instant habeas claim as a result of the applicant's delay in filing.

10. In order to obtain relief in a post-conviction writ of habeas corpus for ineffective assistance of counsel, an applicant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

11. The applicant fails to demonstrate that the applicant was not fully advised of the consequences of his plea.

12. The plea papers and admonishments filed with the district clerk at the time of the plea are evidence that the applicant was fully advised of the consequences of his plea.

13. The applicant's Competency Evaluation report is evidence that he understood the consequences of a plea.

14. Trial Counsel's 'out of court hourly worksheet' demonstrates he had multiple contacts with the applicant in the jail, including an hour-long visit the week before the plea.

15. The applicant's jail mail demonstrates that he understood his right to trial, and his options regarding entering into a plea agreement.

16. In light of the applicant's charge and undisputed facts surrounding the case, the applicant fails to demonstrate that there was any genuine issue with regard to a claim of self-defense/defense of another.

17. The evidence available to the court demonstrates that counsel did significant investigation into the applicant's background and mental health.

18. The record reflects that on or about January 18, 2007, the State chose to prosecute the case as a non-death capital murder, i.e. not to seek the death penalty on the applicant.

19. The record reflects that after Counsel sent the State a letter on June 25, 2007, asking for a plea bargain offer in light of the applicant's 'sad history,' the State eventually did agree to allow the applicant to plead guilty to first-degree murder and be sentenced to fifty (50) years TDCJ.

20. The applicant fails to demonstrate that counsel's actions with regard to his investigation and use of mitigating evidence was deficient.

21. The Court has personal knowledge of Mr. Wheelan's mental status at and around the date of the plea in the instance cause (February 29, 2008); the Court specifically relies on his own personal recollection and finds [that], during the relevant time-period, Wheelan was not lacking 'charge of his mental faculties' and was not 'out of it.'

22. The applicant fails to demonstrate that, had counsel performed differently, there is any reasonable probability that the applicant would have received a 'far shorter sentence.'

23. The applicant has failed to demonstrate that counsel's actions fell below an objective standard of reasonableness and that but for any alleged deficiency, a reasonable probability exists that the results of the proceeding would have been different.

24. The Court finds that applicant received constitutionally effective assistance of counsel.

25. The applicant fails to present any new evidence which would support an actual innocence claim.

26. The applicant fails to demonstrate he [is] actually innocent.

*Ex parte Mendez*, pp. 238–40 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id.*, at cover.

### *Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id*. at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson*

*v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id*. at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner argues here that trial counsel was ineffective in failing to advise him that self defense and defense of another were available defenses. However, the trial court on state collateral review expressly found that, under the facts of the case, petitioner had not established that self defense or defense of another were available defenses. Specifically, the trial court found as follows:

> 16. In light of the applicant's charge and undisputed facts surrounding the case, the applicant fails to demonstrate that there was any genuine issue with regard to a claim of self-defense/defense of another.

*Ex parte Mendez*, p. 239. The Texas Court of Criminal Appeals relied on this finding in denying habeas relief. *Id*., at cover.

The question of whether the facts of a particular case are sufficient to raise an issue of self defense or defense of another is one wholly of state law. This Court must defer to the state court in its interpretation of its law, as it is not the function of a federal habeas court to review a state's interpretation of its own law, unless that interpretation violates the federal Constitution. *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983). The record here reveals no such breach of the Constitution.

Because the trial court determined that there was no genuine issue with regard to petitioner's claim of self defense or defense of another, trial counsel was not deficient in not informing petitioner that those defenses were available to him. In short, the trial court found that the defenses were not available to petitioner; consequently, trial counsel was not constitutionally required to inform petitioner of an unavailable defense. Nor can petitioner establish that, but for counsel's failure to inform him of an unavailable defense, the result of the proceeding would have been different. Petitioner fails to demonstrate either deficient performance or actual prejudice, and no ineffective assistance of counsel is shown.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Involuntary Plea*

Petitioner claimed on state collateral review that his guilty plea was involuntary because trial counsel failed to advise him of his defenses to the charge and the existence of mitigating circumstances as to punishment.

The Court has already determined that, because the state trial court found that the defenses were unavailable to petitioner, trial counsel was not ineffective in failing to advise petitioner of the alleged availability of self defense and/or defense of another. Thus, the Court will focus its attention on the second aspect of petitioner's claim: that his plea was involuntary because counsel failed to advise him that his background constituted mitigating circumstances for purposes of punishment.

In rejecting this habeas claim, the state trial court made the following relevant findings:

17. The evidence available to the court demonstrates that counsel did significant investigation into the applicant's background and mental health.

18. The record reflects that on or about January 18, 2007, the State chose to prosecute the case as a non-death capital murder, i.e. not to seek the death penalty on the applicant.

19. The record reflects that after Counsel sent the State a letter on June 25, 2007, asking for a plea bargain offer in light of the applicant's 'sad history,' the State eventually did agree to allow the applicant to plead guilty to first-degree murder and be sentenced to fifty (50) years TDCJ.

20. The applicant fails to demonstrate that counsel's actions with regard to his investigation and use of mitigating evidence was deficient.

* * * *

22. The applicant fails to demonstrate that, had counsel performed differently, there is any reasonable probability that the applicant would have received a 'far shorter sentence.'

23. The applicant has failed to demonstrate that counsel's actions fell below an objective standard of reasonableness and that but for any alleged deficiency, a reasonable probability exists that the results of the proceeding would have been different.

24. The Court finds that applicant received constitutionally effective assistance of counsel.

*Ex parte Mendez*, pp. 239–40 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief. *Id*., at cover.

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627–28 (5th Cir. 1993).

The record in this case shows that trial counsel was aware of, and utilized, petitioner's background to obtain a reduced charge and thus a reduced sentence. Specifically, the trial court found that trial counsel had opened plea bargain negotiations with the State based on petitioner's "sad history," and that the State eventually agreed to allow petitioner to plead guilty to first-degree murder with a fifty-year sentence. Even assuming trial counsel did not affirmatively tell petitioner that his background might be used as mitigating circumstances for purposes of punishment, it is clear that trial counsel used petitioner's background to negotiate a reduced criminal charge and sentence for petitioner. Petitioner presents no probative summary judgment evidence that his plea was involuntary, and none appears in the record.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Actual Innocence*

Petitioner contends that he is actually innocent of the murder charges because he was acting in self defense or in defense of another. It appears petitioner is asserting actual innocence as a free-standing federal habeas claim.

The Supreme Court recently reaffirmed that actual innocence has not been recognized as a free-standing federal habeas claim. *McQuiggin v. Perkins*, __U.S. ___, 133 S. Ct. 1924,

1931 (2013). Consequently, petitioner's allegation that he is actually innocent of the murder charge fails to state a cognizable federal habeas claim. Respondent is entitled to summary judgment dismissal of this claim.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 5) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on February 11, 2014.

_____
Gray H. Miller
United States District Judge

13